# Exhibit A



## CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

July 17, 2018

Macy's West Stores, Inc.
Jamie Johnes
Macy's, Inc.
11477 Olde Cabin Road, Suite 400
ST. LOUIS MO 63101

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2018-1954**

| | | |
|---|---|---|
| 1. | Client Entity: | Macy's West Stores, Inc. |
| 2. | Title of Action: | Rosa Salazar, etc. vs. Macy's West Stores, Inc.; et. al. |
| 3. | Document(s) Served: | Summons<br>Complaint - Class Action Jury Trial Demanded<br>Civil Case Cover Sheet<br>Notice of Posting Jury Fees |
| 4. | Court/Agency: | Los Angeles County Superior Court, California |
| 5. | State Served: | Florida |
| 6. | Case Number: | BC705055 |
| 7. | Case Type: | Failure to Page Wages |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Tuesday 7/17/2018 |
| 10. | Date to Client: | Tuesday 7/17/2018 |
| 11. | # Days When Answer Due: 30<br>Answer Due Date: 8/16/2018 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, Address and Phone Number) | Law Offices of Zorik Mooradian<br>Calabasas, CA<br>818-876-9627 |
| 13. | Shipped to Client By: | Email Only with PDF Link and PDF Attachment |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 101 |
| 16. | Notes: | Also Attached:<br>* Cvil Deposit<br>* Notice of Case Assignment - Unlimited Civil - Class Action<br>* Instructions for Handling Unlimited Civil Case |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S WEST STORES, INC., an active Ohio corporation; and DOES
1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROSA SALAZAR, individually and on behalf of other persons similarly
situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 04 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA | CASE NUMBER:<br>*(Número del Caso):* **BC 705055** |
|---|---|

COUNTY OF LOS ANGELES
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zorik Mooradian, Esq. 5023 N. Parkway Calabasas, Calabasas, CA 91302 (818) 876-9627

| DATE: **MAY 04 2018**<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | Brittny Smith | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* Macy's West Stores, Inc., an active Ohio corporation

   under: ☒☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

1  Zorik Mooradian, Esq., CSB No. 136636
2  zorik@mooradianlaw.com
3  Haik Hacopian, Esq., CSB No. 282361
   haik@mooradianlaw.com
4  Nanor C. Kamberian, Esq., CSB No. 316612
5  nanor@mooradianlaw.com
   LAW OFFICES OF ZORIK MOORADIAN
6  5023 N. Parkway Calabasas
7  Calabasas, CA 91302
   Telephone: (818) 876-9627
8  Facsimile:  (888) 783-1030
9

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 04 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Brittny Smith, Deputy

10  Attorneys for:     Plaintiff ROSA SALAZAR, individually and on behalf of other
                       persons similarly situated
11

12      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13      **FOR THE COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST**

14

15  ROSA SALAZAR, individually and on behalf    | Case No.:  **BC 7 0 5 0 5 5**
    of other persons similarly situated,
16
17  Plaintiffs,                                    Assigned to: Hon.
                                                   Department:
18  v.                                             Complaint Filed:

19                                                 **COMPLAINT – CLASS ACTION**
20  MACY'S WEST STORES, INC., an active Ohio      **JURY TRIAL DEMANDED**
    corporation; and DOES 1 through 10,
21                                                 1.  Failure to Pay Wages;
22  Defendants.                                    2.  Failure to Provide Meal Periods;
                                                   3.  Failure to Provide Paid Rest
23                                                     Periods;
24                                                 4.  Failure to Timely Pay Wages at
                                                       Termination/Separation;
25                                                 5.  Failure to Provide Accurate Wage
26                                                     Statements; and
                                                   6.  Violation of Unfair Business
27                                                     Practices Act – Bus. & Prof. Code
28                                                     §§ 17200, et seq.

**COMPLAINT - CLASS ACTION -1-**

Plaintiff ROSA SALAZAR ("Plaintiff"), on behalf of herself and all others similarly situated, based on information and belief, complains and alleges:

## I.

## INTRODUCTION

1. This class action lawsuit arises out of the failure of Defendant MACY'S WEST STORES, INC. (referred here as "Macy's" or "Defendant") to pay employees minimum wages for all hours worked, to compensate for overtime work, to provide meal periods, to provide rest periods, to provide proper wage statements, and to pay all wages owed to terminated or separated employees in a timely manner.

2. Defendant employed Plaintiff during the applicable time period, utilizing consistent policies and procedures in violation of Labor Code §1194, et seq., Labor Code §200, et seq., Labor Code §500, et seq., and the applicable Wage Orders issued by the California Industrial Welfare Commission.

3. Defendant engaged in the business of ownership and operation of department and retail stores for merchandise throughout the nation, including the State of California. Plaintiff was hired on or about June 12, 2012, and her employment was terminated on or about May 5, 2017. Plaintiff worked as a non-exempt employee of Macy's and was staffed for work by Macy's at a facility in California, located at Macy's Westfield Topanga Plaza, at 21900 Vanowen Street, Canoga Park, CA 91303. At all times during her employment with Macy's and as applicable here, Ms. Salazar was a non-exempt hourly employee, primarily responsible for pricing/tagging of merchandise, displayed and sold at the Macy's store. Her job classification also included inventory control and price change team leader.

4. At the time of her termination, Plaintiff was not paid all her wages. Plaintiff was not paid wages for all hours worked including hours considered off-the-

clock as applicable. Plaintiff was also not paid for earned/vested vacation benefit compensation.

5.  Plaintiff was also deprived of lawful meal and rest periods and failed to receive accurate itemized wage statements.

6.  Defendant had a consistent policy of requiring its employees, including Plaintiff, to work through meal periods or work without a meal period for at least five (5) hours of a shift and failing to pay such employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided or as required by California state wage and hour laws. Defendants also engaged in the unlawful practice of combining meal breaks with rest breaks.

7.  Defendant had a consistent policy of failing to allow its employees, including Plaintiff, rest periods for at least ten (10) minutes per four (4) hours, or a major fraction thereof, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California state and wage and hour laws.

8.  Defendant knowingly provided inaccurate wage statements to its employees, including Plaintiff, that did not correctly include the number of hours worked, including overtime hours, or compensation for meal periods not provided and rest period not authorized or permitted as required by California state wage and hour laws.

9.  Defendant had a consistent policy of failing to pay its employees, including Plaintiff, all wages due at the termination or separation, in violation of California state wage and hour laws.

10. Plaintiff, on behalf of herself and all Class Members, brings this action

pursuant to Lab. Code §§ 201, 202, 203, 204, 226 (a) (b), 226.7, 510, 512, 1194 and 1194.2, seeking unpaid wages, penalties, equitable relief, and reasonable attorneys' fees and costs.

11. Plaintiff, on behalf of herself and the putative class members, also brings this action pursuant to Bus. & Prof. Code §§ 17200, *et seq.*, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by Defendant as a result of California Labor Code and applicable Wage Order violations.

## II.

## JURISDICTION AND VENUE

12. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The County of Los Angeles is the proper venue, because work for Defendant was performed by Plaintiff and other class members in the County of Los Angeles and the legal obligations owed by Defendant to Plaintiff and other class members were breached in the County of Los Angeles.

13. The California Superior Court has jurisdiction in this matter, because Plaintiff is a resident of California, the Macy's department store where Plaintiff was working is within the County of Los Angeles - Macy's Westfield Topanga Plaza, 21900 Vanowen Street, Canoga Park, CA 91303 - and Macy's is qualified to do business in California and regularly conducts business in California.

## III.

## THE PARTIES

14. Plaintiff ROSA SALAZAR is a resident of the County of Los Angeles, State of California, and was employed by Defendant in Los Angeles County from on or about June 28, 2012 through on or about May 5, 2017.

15. Defendant MACY'S WEST STORES, INC. is, and at all times relevant here was, an Ohio corporation, registered with the State of California Secretary of State.

**COMPLAINT - CLASS ACTION -4-**

Defendant operates a large chain of department and retail stores, with many locations in the State of California. Defendant also has business operation offices, apart from its department stores, located at 170 O'Farrell Street, San Francisco, CA 9418. Defendant employs numerous non-exempt, hourly paid employees in California such as Plaintiff.

16. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the defendants sued herein as Does 1 through 10, but she is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

17. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

#### IV.

#### GENERAL ALLEGATIONS

18. At all times relevant here and as set forth in the following paragraphs of this Complaint, Defendant employed more than 100 people; and Plaintiff and each member of the putative class was employed by Defendant, and each of them, in the State of California.

19. The employees of Defendant have not been paid wages for all hours worked, including overtime hours worked, have not been provided uninterrupted thirty-minute periods for work periods of at least five (5) hours, and have not been permitted to take ten-minutes (10) rest periods for work periods of four (4)

hours or major fractions thereof, pursuant to the Labor Code, and applicable Wage Orders.

20. Defendant failed to pay Plaintiff and the members of her putative class upon discharge the wages earned and unpaid at the time of discharge.

21. Defendant failed to provide Plaintiff and the putative members of her class, at the time of each payment of wages, an accurate itemized statement in writing, showing the gross wages earned, the total hours worked, including overtime wages as applicable and any premium wages owed.

22. Plaintiff asserts claims for relief on behalf of herself and other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382.  Plaintiff and all members of her putative class are described below with specificity and fall in several categories of subclasses whose rights have been violated under the law. Defendant has made no effort as of the filing of the Complaint to correct or remedy the violations of law specified here.

## V.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and all other employees of Macy's who worked at Macy's department stores in the State of California, and who are similarly-situated persons as a class action pursuant to California Code of Civil Procedure § 382. There is a well-defined common interest by and among Plaintiff and her putative class members, and it is impractical to bring all those individuals before the court under a separate, different and repetitive actions. Plaintiff also reserves the right to amend or modify the class descriptions set forth below in grater specificity or clarity if required in the future in accordance with Rule 3.765 (b), California Rules of Court. The class which Plaintiff seeks to represent is composed of and defined as follows:

"Plaintiff Class" – All of Defendant's current and former non-exempt employees in California who worked at Macy's department stores in

California, during the four years before the filing of the Complaint through the time of trial.

24. Plaintiff seeks to certify the following subclasses of employees:

a) "Unpaid Wage Subclass" – All members of Plaintiff Class who were not paid their minimum/actual wages, vacation benefits and overtime wages for hours worked in excess of eight hours per day, and/or forty hours per week, at the one and a half rate or at a double time rate as applicable.

b) "Meal Period Subclass" – All members of Plaintiff Class who worked each period exceeding five (5) hours without an uninterrupted, off duty, thirty (30) minute meal period and/or periods in excess of ten (10) hours without a second uninterrupted, off duty, thirty (30) minute meal period; and, two, were not provided compensation of one hour's pay at the employee's regular rate for each day that a meal period was not provided.

c) "Rest Period Subclass" – All members of Plaintiff Class who worked periods of four (4) hours or major fraction thereof without a duty-free rest period of at least 10-minutes and who were not compensated one hour's pay at the employee's regular rate for each day that a rest period was not permitted.

d) "Vacation Pay Subclass" – All members of Plaintiff Class to whom Defendant failed to pay all wages due as vacation compensation to them upon termination or resignation.

e) "Waiting Time Subclass" – All members of Plaintiff Class to whom Defendant failed to pay all wages due to them upon termination or resignation under Labor Code §§ 201-203.

**COMPLAINT - CLASS ACTION -7-**

f) "Wage Statement Subclass" – All members of Plaintiff Class to whom Defendant improperly failed to provide accurate itemized wage statements under Labor Code §§ 226(a) (b).

g) "UCL Subclass" – All members of the Unpaid Wage, Meal Period, Rest Period, Waiting Time, and Wage Statement Subclasses who were subject to unlawful, illegal, unfair and/or deceptive business acts and practices by Defendant and are entitled to disgorgement and restitution of unpaid wages.

25. There is a well-defined community of interest among many persons who comprise a readily ascertainable class:

a) Numerosity - The potential members of the Class and Subclasses as defined here are so numerous that the individual joinder of all of them as named plaintiffs is impracticable.  The number of members of the Class and Subclasses is unknown to Plaintiff. It is however estimated that the members are more than 100 individuals, and their identities may readily be ascertained from Defendant's records.

b) Typicality – The claims of Plaintiff are typical of the claims of all members of the Class and Subclasses, who sustained similar damages arising out of Defendant's common course of conduct in violation of law as alleged.

c) Ascertainable Class – The proposed Class and Subclasses are ascertainable as the members can readily be identified and located based on the Defendant's payroll and personnel records.

d) Adequacy – Plaintiff is an adequate representative of the Class and Subclasses: Plaintiff will fairly protect the interests of the members, he has no interest adverse to the members, and he will vigorously pursue this lawsuit on behalf of all the members of the Class and Subclasses.

Plaintiff's attorneys are competent, skilled and experienced in litigating large employment law class actions.

e) Superiority - Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual members of the Class and Subclasses are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for the members to seek and obtain relief. A class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

f) Common Questions of Law and Fact – There are common questions of law and fact as to the members of the Class and Subclasses which are superior to questions affecting only individual members of the Class and Subclasses. The common questions of law and fact may be summarized as follows and if necessary will be refined with the progress of formal discovery in the case:

g) Whether Defendant violated California law, including the applicable wage orders by failing to properly compensate Plaintiff Class members for all hours worked?

h) Whether Defendant failed to pay minimum and overtime wages as required by the State of California for all hours worked?

i) Whether Defendant failed to provide members of Plaintiff Class who ceased employment with Defendant all wages owed at the time of the cessation of the employee-employer relationship?

j)   Whether Plaintiff Class is entitled to unpaid wages including overtime wages as applicable, premium wages, wages for accrued or vested vacation compensation and waiting time penalties?

k)   Whether Defendant violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with paid ten-minute (10) rest periods for each four hours worked?

l)   Whether the remedy for an employer's failure to provide rest breaks as required by law is a premium wage for hardship of missing a lawful rest break?

m)  Whether Defendant violated California law and applicable Wage Orders by failing to provide Plaintiff Class members with thirty-minute (30) meal period for more than five hours of work?

n)   Whether Defendant violated IWC Wage orders by failing to provide members of Plaintiff Class with a second meal period?

o)   Whether the remedy for an employer's failure to provide meal period as required by law is a premium wage for hardship of missing a lawful meal period?

p)   Whether Plaintiff Class is entitled to waiting time penalties under Labor Code § 203?

q)   Whether Defendant violated California law by their failure to provide Plaintiff Class with accurate and itemized wage statements?

r)   Whether Defendant violated Business and Professions Code §§ 17200 et. seq., Labor Code §§ 201, 202, 203, 204, 226, 510, 512, 1194, 1194.2 and applicable Wage Orders which constitutes violations of the public policy?

s)   Whether Plaintiff Class is entitled to an equitable relief in accordance with Business and Professions Code §§ 17200 et. seq.

**COMPLAINT - CLASS ACTION -10-**

t) Whether Defendant's affirmative defenses, if any, raise common issues of law and fact as to Plaintiff Class as a whole and/or Subclasses in particular?

## VI.
### FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES
**(Labor Code §§ 510, 1194, 1194.2)**
**(By Plaintiff and the Unpaid Wage Subclass against Defendants)**

26. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

27. At all relevant times, Plaintiff and the other members of the Unpaid Wage Class were employees of Defendant covered by Labor Code §§ 510, 1194, 1194.2 and applicable Wage Orders, and they were entitled to receive minimum and overtime wages for all hours worked, compensation for accrued or vested vacation upon termination or separation and liquidated damages equal to unlawfully unpaid minimum wages with interest.

28. Defendant has violated California law and the specified provisions of the Labor Code and applicable Wage Orders by its failure to pay all wages due in accordance, including minimum wages, wages for accrued or vested vacation compensation and overtime pay. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclasses have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

///

///

///

///

**VII.**

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIOD OR**
**COMPENSATION IN LIEU THEREOF**
**(Labor Code §§ 226.7, 512)**
**(By Plaintiff and Meal Period Subclass against Defendants)**

29. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

30. By its failure to provide thirty minute (30) uninterrupted meal period as well as second meal period, if applicable, to Plaintiff and members of Meal Period Subclass, Defendant willfully violated the provisions of Labor Code §§ 226.7, 512 and applicable Wage Orders.

31. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

**VIII.**

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS OR**
**COMPENSATION IN LIEU THEREOF**
**(Labor Code § 226.7)**
**(By Plaintiff and Rest Periods Subclass against Defendants)**

32. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

33. By their failure to provide ten-minute (10) rest periods for every four (4) hours of work or major fraction thereof per day to Plaintiff and Rest Period Subclass, Defendant willfully violated Labor Code § 226.7 and applicable Wage Orders.

34. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

**IX.**
**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES DUE AT TERMINATION**
**(Labor Code §§ 201, 202, 203)**
**(By Plaintiff and Waiting Time Subclass against Defendants)**

37. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

38. By their failure to timely pay Plaintiff and Waiting Time Subclass, Defendant willfully violated the provisions of Labor Code §§ 201, 202, 203 and applicable Wage Orders. Sec. 203 of Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced.

39. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

**X.**

**FIFTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**
**(Labor Code §§ 226(a) (b))**
**(By Plaintiff and Wage Statement Subclass against Defendants)**

40. Plaintiff incorporates paragraphs 1 through 25 of this Complaint as if fully alleged herein.

41. By their failure to provide accurate itemized wage statements, semimonthly or at the time of each payment of wages, Defendant willfully violated the provisions of Labor Code §§ 226 (a) (b) and applicable Wage Orders.

42. As a result of Defendant's unlawful conduct, Plaintiff and other members of the Subclass have suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

**COMPLAINT - CLASS ACTION -13-**

## XI.

### SIXTH CAUSE OF ACTION
### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT
#### (Bus. & Prof. Code §§ 17200, *et seq.*)
#### (By Plaintiff, Plaintiff Class and All Subclasses against Defendants)

43. Plaintiff incorporates paragraphs 1 through 42 of this Complaint, except for the incorporation paragraphs of 26, 29, 32, 37 and 40, as if fully alleged herein.

44. The alleged unlawful conduct of Defendant constitutes unfair competition pursuant to Business and Professions Code §§ 17200 *et seq*, and this cause of action is brought as a cumulative remedy under Bus. & Prof. Code § 17205 for the time period starting four (4) years before the filing of the Complaint.

45. As a result, Plaintiff and other members of Plaintiff Class and Subclasses have suffered injury in fact and lost money or property. Plaintiff and said members have been deprived of their rights as set forth in this Complaint, including, but not limited to, payment of minimum, overtime, and/or actual wages for all hours worked.

46. Pursuant to Business and Professions Code §17203, Plaintiff and other members of Plaintiff Class and Subclasses are entitled to restitution of all wages owed to them under the Labor Code, and interest thereon, in which they had a property interest, which Defendant failed to pay to them but withheld and retained for themselves. Restitution of the money owed to Plaintiff, Plaintiff Class and Subclasses is necessary to prevent Defendant from becoming unjustly enriched by its failure to comply with the Labor Code provisions.

47. Plaintiff and members of Plaintiff Class and Subclasses are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

48. Plaintiff requests the court to issue a preliminary and permanent injunction prohibiting Defendant from committing the Labor Code and applicable Wage

Order violations set forth in this Complaint, and Plaintiff and the members of Plaintiff Class and Subclasses have suffered further damages as articulated in the Prayer for Relief, set forth below, also incorporated here fully as applicable.

## XII.
### PRAYER FOR RELIEF

**WHEREFORE,** on behalf of herself and all others similarly situated, Plaintiff prays for relief and judgment against Defendant as follows:

A.  An order certifying that Plaintiff may pursue her claims as a class action under Section 382 of the Code of Civil Procedure; and it is further requested that Plaintiff Class and each Plaintiff Subclass be certified;

B.  An order appointing Plaintiff as Class representative;

C.  An order appointing Plaintiff's counsel as Class counsel;

D.  Damages for unpaid minimum and overtime wages under Labor Code § 1194;

E.  Liquidated damages under Labor Code § 1194.2;

F.  Disgorgement of Defendant's wrongfully obtained profits and restitution of unpaid wages under Business and Professions Code §§ 17203, 17204;

G.  Damages for unpaid additional compensation owed for missed or failing to provide timely or uninterrupted or lawful meal periods and rest periods;

H.  Civil penalties under Labor Code § 226(e);

I.  Damages for unpaid wages under Labor Code §§ 201 or 202;

J.  Damages for unpaid penalty wages under Labor Code § 203;

K.  Reasonable attorney's fees pursuant to statute, including, but not limited to, Labor Code § 1194 and Code of Civ. Proc. § 1021.5;

L.  Enjoinment of Defendant from further acts of unfair competition and continuous violations of the Labor Code and applicable Wage Orders; and

**COMPLAINT - CLASS ACTION -15-**

M.     Such other relief, including prejudgment interest and costs.

DATED:  May 3, 2018                    LAW OFFICES OF ZORIK MOORADIAN

By: _____
                          Zorik Mooradian,
                          Haik Hacopian,
                          Nanor C. Kamberian,
                          Attorneys for Plaintiff and the putative class

## DEMAND FOR A JURY TRIAL

Plaintiff ROSA SALAZAR hereby demands a jury trial in the above case.

DATED:  May 3, 2018                    LAW OFFICES OF ZORIK MOORADIAN

By: _____
                          Zorik Mooradian,
                          Haik Hacopian,
                          Nanor C. Kamberian,
                          Attorneys for Plaintiff and the putative class

COMPLAINT - CLASS ACTION -16-

  

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Zorik Mooradian (State Bar No. 136636)
Law Offices of Zorik Mooradian
5023 N. Parkway Calabasas
Calabasas, CA 91302
TELEPHONE NO.: 828-876-9627     FAX NO.: 888-783-1030
ATTORNEY FOR (Name): Plaintiff Rosa Salazar

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angels 90012
BRANCH NAME: Central District (Stanley Mosk Courthouse)

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAY 04 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

CASE NAME:
Salazar v. Macy's West Stores, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 705055 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): SIX (6)
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 3, 2018

Haik Hacopian
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740 |
|---|---|---|
| Judicial Council of California | | Cal. Standards of Judicial Administration, std. 3.10 |
| CM-010 [Rev. July 1, 2007] | | www.courtinfo.ca.gov |

  

COPY

| SHORT TITLE: Salazar v. Macy's West Stores, Inc. | CASE NUMBER BC 705055 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 10  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Salazar v. Macy's West Stores, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1.3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1.2.3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1.2.3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1.2.3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1.2.3<br>1.2.3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1.2.3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1.2.3<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2.5.<br>2.5.<br>1.2.5.<br>1.2.5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2.5.6<br>2.5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1.2.5.8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1.2.3.5.<br>1.2.3.5.<br>1.2.3.8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2.6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2.6.<br>2.6.<br>2.6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2.6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2.6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2.6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2.6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Salazar v. Macy's West Stores, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Salazar v. Macy's West Stores, Inc. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>21900 Vanowen St. |
|---|---|
| CITY<br>Canoga Park | STATE<br>CA | ZIP CODE<br>91303 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __May 3, 2018__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

COPY

Zorik Mooradian, Esq., CSB No. 136636
zorik@mooradianlaw.com
Haik Hacopian, Esq., CSB No. 282361
haik@mooradianlaw.com
Nanor C. Kamberian, Esq., CSB 316612
nanor@mooradianlaw.com
LAW OFFICES OF ZORIK MOORADIAN
5023 N. Parkway Calabasas
Calabasas, CA 91302
Telephone: (818) 876-9627
Facsimile: (888) 783-1030

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 04 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Brittny Smith, Deputy

Attorneys for:     Plaintiff ROSA SALAZAR, individually and on behalf of other persons similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

ROSA SALAZAR, individually and on behalf of other persons similarly situated,

Plaintiffs,

v.

MACY'S WEST STORES, INC.; and DOES 1 through 10,

Defendants.

Case No. BC 7 0 5 0 5 5

**NOTICE OF POSTING JURY FEES**

PLEASE TAKE NOTICE that Plaintiff Rosa Salazar has posted the required jury fees in the amount of $150.00.

DATED: May 3, 2018          LAW OFFICES OF ZORIK MOORADIAN

By: _____
     Zorik Mooradian,
     Haik Hacopian,
     Nanor C. Kamberian,
     Attorneys for Plaintiff and the putative class

NOTICE OF POSTING JURY FEES -1-



| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's Stamp<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>**MAY 04 2018**<br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By: Brittny Smith, Deputy |
|---|---|
| COURT ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF:<br>Rosa Salazar | |
| DEFENDANT:<br>Macy's West Stores, Inc. | |
| **CIVIL DEPOSIT** | CASE NUMBER:<br>**BC 705055** |

**CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY**

**PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:**

☐ Room 102, Central Civil  ☒ Clerk's Office , Room_____  ☐ Department Number_____

| | Distribution Codes | Amt Due | | Distribution Codes | Amt Due |
|---|---|---|---|---|---|
| ☐ | 251 DAILY JURY FEES<br>Dates:_____<br># of day(s)_____x$_____ | | ☐ | 74 DEPOSIT IN TRUST | |
| ☒ | 72 JURY FEES<br>Trial Date:_____<br>(Initial Deposit) $ **150** | | ☐ | 101 FIRST PAPERS-<br>GENERAL JURISDICTION | |
| ☐ | 252 REPORTERS FEES<br>Dates:_____<br># of 1/2 day(s)_____x$_____<br>Full Day_____ | | ☐<br>☐<br>☐ | 101 FIRST PAPERS-LIMITED OVER $10,000<br>141 With declaration Limited to $10,000<br>(per B&P 6322.1(a))<br>130 Limited to $10,000 | |
| ☐ | 721 SANCTIONS ORDERED ON<br>Date:_____ | | ☐ | 211 RECLASSIFICATION FEE | |
| ☐ | 213 MOTIONS/APPLICATION TO CONT. HEARING<br>200 MOTIONS/APPLICATION TO CONT. TRIAL | | ☐<br>☐ | 150 COMPLEX LITIGATION TRIAL/PLAINTIFF<br>151 COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | Other: | | | | |

To be paid via:  ☐ Cash  ☒ Check  ☐ Certified Check/Money Order  ☐ Credit Card

☐ On or Before_____  ☐ Forthwith

Payment will be made by  ☒ Plaintiff_Rosa Salazar_____  ☐ Defendant_____

JOHN A. CLARKE, Executive Officer/Clerk

DATE _____  BY: _____

Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|
| Depositor's Name: Law Offices of Zorik Mooradian<br><br>☐ Plaintiff in Pro Per  ☐ Defendant in Pro Per<br>☒ Counsel for  ☒ Plaintiff  Rosa Salazar<br>Name of Party<br>☐ Defendant _____<br>Name of Party<br>Address of depositor: 5023 North Parkway Calabasas<br>Street<br>Calabasas, CA 91302<br>City/State/Zip | |

CIV 063 03-04 (Rev. 05/06)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL – CLASS ACTION
### 312 N. SPRING STREET COURTHOUSE

Case Number _____ **BC 705055** _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 6 | 211 | | | | |
| | Hon. William F. Highberger | 10 | 10 | | | | |
| | Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| ✓ | Hon. Kenneth Freeman | 14 | 14 | | | | |
| | Hon. Ann Jones | 11 | 11 | | | | |
| | Hon. Maren E. Nelson | 17 | 17 | | | | |
| | Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 12 | Supervising Judge 12 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on   **MAY 0 4 2018**
                                                                          (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO..  FAX NO. (Optional). | | |
| E-MAIL ADDRESS (Optional)· | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER. |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date _____

_____          ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date _____

_____          ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ _____
         (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

Date: _____

_____          ➤ (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

Date: _____

_____          ➤ (ATTORNEY FOR _____)
         (TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional)      FAX NO. (Optional)<br>ATTORNEY FOR (Name) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date: _____

➢ _____

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO (Optional)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. **This document relates to:**

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request)

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO:   FAX NO (Optional):   E-MAIL ADDRESS (Optional)   ATTORNEY FOR (Name) | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date: _____

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____          _____
                                                JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR -** ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 2 3 2018

Sherri R. Carter, Executive Officer/Clerk
By: Roxanne Arreigs, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

|  |  |
|---|---|
| ROSA SALAZAR, et al., <br>        Plaintiff, <br>   vs. <br> MACY'S WEST STORES, INC., et al., <br><br>        Defendants. | Case No. BC705055 <br><br> INITIAL STATUS CONFERENCE ORDER <br> (COMPLEX LITIGATION PROGRAM) <br><br> Case Assigned for All Purposes to <br> Judge Kenneth R. Freeman <br><br> Department: 14 <br> Date:      August 24, 2018 <br> Time:     10:00 a.m. |

This case has been assigned for all purposes to Judge Kenneth R. Freeman in the Complex Litigation Program. An Initial Status Conference is set for **August 24, 2018, at 10:00 a.m., in Department 14** located in the **Spring Street Courthouse,** at United States District Court, at 312 N. Spring Street, Los Angeles, California 90012. Counsel for all the parties are ordered to attend.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement ten (10) court days (**August 10, 2018 and provide a conformed courtesy copy DIRECTLY in Department 14**) before the Initial Status

Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives?  If so,  and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so,  and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort.   Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include:

- Early motions in limine,

- Early motions about particular jury instructions,

- Demurrers,

- Motions to strike,

- Motions for judgment on the pleadings, and

- Motions for summary judgment and summary adjudication.

**9. CLASS CONTACT INFORMATION:** Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:** Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the

INITIAL STATUS CONFERENCE ORDER

kind of discovery you propose[1].

**12. INSURANCE COVERAGE:** Please state if there is insurance for indemnity or reimbursement.

**13. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15. ELECTRONIC SERVICE OF PAPERS:** For efficiency the complex program requires the parties in every new case to use a third-party cloud service. While the parties are free to choose one of the services shown below, this Court (Department 310) prefers that the parties select:

- ■ **Case Anywhere (http://www.caseanywhere.com).**

The parties are not required to select Case Anywhere, but may chose instead either

- ■ File & Serve Xpress (https://secure.fileandservexpress.com) or
- ■ CaseHomePage (http://www.casehomepage.com).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If

---

[1] See California Rule of Court, Rule 3.768.

-4-

parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues

---

[2] California Rule of Court, Rule 3.770(a)

-5-

1  presented in this case, however shall stay all outstanding discovery requests.

2      Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

3  counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

4  service of this order. If any defendant has not been served in this action, service is to be completed

5  within twenty (20) days of the date of this order.

6      Dated: May 23, 2018

7

8                          **KENNETH R. FREEMAN**

9  _____

                      Judge Kenneth R. Freeman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

INITIAL STATUS CONFERENCE ORDER

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/18 | **DEPT.** SS14 |
| HONORABLE KENNETH R. FREEMAN          JUDGE | R. ARRAIGA, J.A.          DEPUTY CLERK |
| | BY: L. M'GREENE |
| HONORABLE                     JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD-ON #6 | |
| T. LEWIS, C.A.          Deputy Sheriff | NONE                     Reporter |

| | | |
|---|---|---|
| BC705055 | Plaintiff Counsel | |
| ROSA SALAZAR | | NO APPEARANCES |
| VS | Defendant | |
| MACYS WEST STORES INC | Counsel | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
August 24, 2018 at 10:00 a.m., in this department.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. SS14

| |
|---|
| **MINUTES ENTERED** |
| 05/23/18 |
| **COUNTY CLERK** |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/23/18                                                      DEPT. SS14

HONORABLE KENNETH R. FREEMAN        JUDGE  R. ARRAIGA, J.A.        DEPUTY CLERK
                                           BY: L. M'GREENE
HONORABLE                       JUDGE PRO TEM                       ELECTRONIC RECORDING MONITOR
ADD-ON #6
        T. LEWIS, C.A.          Deputy Sheriff  NONE                    Reporter

---

BC705055                          Plaintiff
                                  Counsel
ROSA SALAZAR                                    NO APPEARANCES
VS                                Defendant
MACYS WEST STORES INC             Counsel

---

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section
170.6.

Counsel are directed to access the following link for
information on procedures in the Complex Litigation
Program courtrooms:

http://www.lacourt.org/division/civil/CI0037.aspx

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
and the attached Initial Status Conference Order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

            CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order  and the Initial
Status Conference
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail

              Page   2 of  3   DEPT. SS14

┌──────────────────────────┐
│ **MINUTES ENTERED**      │
│ 05/23/18                 │
│ **COUNTY CLERK**         │
└──────────────────────────┘

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 05/23/18                                                      DEPT. SS14

HONORABLE KENNETH R. FREEMAN          JUDGE    R. ARRAIGA, J.A.      DEPUTY CLERK
                                               BY: L. M'GREENE
HONORABLE                          JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR
ADD-ON #6
        T. LEWIS, C.A.          Deputy Sheriff   NONE                    Reporter

BC705055                              Plaintiff
                                      Counsel
ROSA SALAZAR                                      NO APPEARANCES
VS                                    Defendant
MACYS WEST STORES INC                 Counsel

**NATURE OF PROCEEDINGS:**

at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: May 23, 2018

Sherri R. Carter, Executive Officer/Clerk


By: L. M'Greene, Deputy Clerk




Mooradian, Zorik, Esq.
Law Offices of Zorik Mooradian
5023 N. Parkway Calabasas
Calabasas, CA 91302



Page   3 of  3    DEPT. SS14

MINUTES ENTERED
05/23/18
COUNTY CLERK

JUL 17 2018

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 13 2018

Sherri R. Carter, Executive Officer/Clerk
By: Rita Nazarvan, Deputy

1   MICHAEL C. CHRISTMAN, Bar No. 319758
2   MACY'S LAW DEPARTMENT
    11477 Olde Cabin Road, Suite 400
3   St. Louis, MO 63141
    Email: michael.christman@macys.com
4   Tel: (314) 342-6334
5   Fax: (314) 342-6366

6
    Attorney for Defendant
7   MACY'S WEST STORES, INC

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10
11  ROSA SALAZAR, individually and on          Case No. BC705055     SSC 14
    behalf of other persons similarly situated,                      BY FAX
12                                             CLASS ACTION
13              Plaintiffs,
                                               DEFENDANT'S ANSWER TO
14        vs.                                  PLAINTIFF'S COMPLAINT

15  MACY'S WEST STORES, INC., an               Assigned to: Hon. Kenneth R. Freeman
    active Ohio corporation; and DOES 1-       Department: 14
16  10,                                        Complaint Filed: May 4, 2018
                                               Trial Date: None Set
17
                Defendants.
18
19

20
21        In answer to Plaintiff Rosa Salazar's ("Plaintiff") Class Action Complaint

22  ("Complaint"), Defendant Macy's West Stores, Inc. ("Defendant"), subject to and

23  without waiving its right to compel arbitration, denies and alleges as follows:

24                            GENERAL DENIAL

25        Pursuant to Code of Civil Procedure section 431.30, Defendant generally and

26  specifically denies (i) each and every allegation of Plaintiff's Complaint, (ii) that

27  Plaintiff and/or the alleged putative class members have been damaged/injured/harmed

28  in any way whatsoever, (iii) that Plaintiff and/or the alleged putative class members

    ───────────────────────────────────────────────
         DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT – PAGE 1

1    are entitled to any legal, injunctive, equitable, or other relief in any amount or manner

2    whatsoever from Defendant, and (iv) that Plaintiff and/or the alleged putative class

3    members sustained injury, damage, detriment, harm, or loss by reason of any conduct,

4    action, error, or omission on the part of Defendant or any agent, employee, or other

5    person acting under Defendant's authority or control. This general and specific denial

6    of the Complaint is filed without prejudice to Defendant's right to file amended

7    answers, including additional defenses, and is filed without prejudice to or waiver of

8    Defendant's right to compel arbitration of Plaintiff's claims on an individual basis.

9                                        **DEFENSES**

10          For further answer and separate defenses to Plaintiff's Complaint and each and

11   every purported cause of action therein, and without assuming any burden of proof it

12   otherwise would not have, Defendant alleges as follows:

13                                     **FIRST DEFENSE**

14                       **(Action Subject to Individual Arbitration)**

15          Plaintiff's Complaint, claims, and relief requested therein, and this action, are

16   subject to binding individual arbitration, pursuant to Plaintiff's agreement to arbitrate

17   on an individual basis all disputes arising from or related to her employment with

18   Defendant.

19                                    **SECOND DEFENSE**

20                              **(Failure to State a Claim)**

21          Plaintiff's Complaint fails to state claims against Defendant for which relief can

22   be granted.

23                                     **THIRD DEFENSE**

24                                       **(Standing)**

25          Plaintiff lacks standing to assert the Complaint or any causes of action alleged

26   therein on her own behalf or on behalf of those she seeks to represent.

27   / / /

28   / / /

**FOURTH DEFENSE**

**(Statute of Limitations)**

Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, and 340.

**FIFTH DEFENSE**

**(Settlement and Release)**

To the extent Plaintiff and/or those she seeks to represent have voluntarily settled and/or released all or portions of their cause of action set forth in the Complaint, Plaintiff and/or those she seeks to represent are, under the terms of such settlements/releases, barred from pursuing all or portions of their cause(s) of action.

**SIXTH DEFENSE**

**(Waiver)**

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by the doctrine of waiver.

**SEVENTH DEFENSE**

**(Estoppel)**

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part by estoppel.

**EIGHTH DEFENSE**

**(Performance of Duties and Obligations)**

Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation which Plaintiff claims is owed by Defendant, has been fully performed, satisfied, or discharged.

**NINTH DEFENSE**

**(Plaintiff's Own Conduct and/or Fault of Others)**

Plaintiff's Complaint, claims, and relief requested are barred in whole or in part because if Plaintiff and/or any putative class members sustained any damage, harm,

and/or detriment as alleged in the Complaint, such damage, harm, and/or detriment was caused by their own conduct and/or the fault of others for whose conduct Defendant is not liable.

## TENTH DEFENSE

### (Other Employees Agreed to Individual Arbitration)

Plaintiff cannot recover on behalf of other employees to the extent the other employees agreed to arbitration of employment-related disputes with Defendant on an individual basis.

## ELEVENTH DEFENSE

### (No Equitable / Injunctive Relief)

Plaintiff is not entitled to any equitable / injunctive relief because she has an adequate remedy at law and/or because she is a former employee of Defendant.

## TWELFTH DEFENSE

### (Class Action Requirements Cannot Be Satisfied)

Plaintiff has not and cannot satisfy the requirements for certification of a class pursuant to California Code of Civil Procedure section 382 and/or Rule 23 of the Federal Rules of Civil Procedure.

## RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, having generally and specifically denied Plaintiff's Complaint and having alleged defenses, Defendant prays:

1.     That the class and representative allegations be dismissed/stricken pursuant to the parties' arbitration agreement and this action be referred to binding arbitration on an individual basis and stayed;

2.    That Plaintiff take nothing by her Complaint;

3.    For judgment in Defendant's favor and dismissal of all of Plaintiff's claims;

4.    To recover its costs and attorneys' fees incurred in this action; and

5.    For such other and further relief as the Court may deem proper.

Dated: August 13, 2018                          Respectfully submitted,

                                                /s/ *Michael C. Christman*
                                                MICHAEL C. CHRISTMAN
                                                Attorneys for Defendant
                                                MACY'S WEST STORES, INC.

1  MICHAEL C. CHRISTMAN, Bar No. 319758
   MACY'S LAW DEPARTMENT
2  michael.christman@macys.com
   11477 Olde Cabin Road, Suite 400
3  St. Louis, MO 63141
   Tel: (314) 342-6334
4  Fax: (314) 342-6366

5  Attorneys for Defendant
   MACY'S WEST STORES, INC.
6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11

12  ROSA SALAZAR, individually and on        Case No. BC705055
    behalf of other persons similarly situated,
13                                            CLASS ACTION

14              Plaintiffs,

15        vs.                                 **PROOF OF SERVICE**

16  MACY'S WEST STORES, INC., an active
    Ohio corporation; and DOES 1-10,         Assigned to:  Hon. Kenneth R. Freeman
17                                            Department: 14
                Defendants.                   Complaint Filed: May 4, 2018
18                                            Trial Date: None Set

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I am employed in the County of Saint Louis, State of Missouri.  I am over the age of 18 years and not a party to the within action; my business address is Macy's Law Department, 11477 Olde Cabin Road, Suite 400, St. Louis, MO 63141.

On August 13, 2018, I certify the following:

**1)  Defendant's Answer to Plaintiff's Complaint**

was served on the parties in said cause:

☒   (By Mail) I caused each and such envelope containing the listed documents, with postage thereon fully prepaid, to be placed in the United States mail at St. Louis, Missouri addressed as set forth below:

> Zorik Mooradian
> Law Offices of Zorik Mooradian
> 5023 N. Parkway Calabasas
> Calabasas, California 91302

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2018 at St. Louis, Missouri.

MICHAEL C. CHRISTMAN