1 Michael C. Christman (SBN 319758)
2 michael.christman@macys.com
 MACY'S LAW DEPARTMENT
3 11477 Olde Cabin Road, Suite 400
4 Telephone: (314) 342-6334
 Facsimile: (314) 342-6366
5 Attorneys for Defendant
6 MACY'S WEST STORES, INC.

7

8 **UNITED STATES DISTRICT COURT**
 **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11
 ROSA SALAZAR, individually and | Case No.: 2:18-cv-06982-ODW(MAAx)
12 on behalf of other persons similarly | CLASS ACTION
 situated, | *Hon. Otis D. Wright II*
13
14      Plaintiffs, | **DEFENDANT'S UNOPPOSED**
 | **MOTION FOR A STAY OF CIVIL**
15 | **PROCEEDINGS AND**
 v. | **MEMORANDUM OF POINTS AND**
16 | **AUTHORITIES IN SUPPORT**
17 MACY'S WEST STORES, INC., an |
 active Ohio Corporation, and DOES |
18 1 through 10, | Filed concurrently with Plaintiff and
 | Defendant's Joint Stipulation and
19 | [Proposed] Order
      Defendants. |
20 | Action Filed: May 4, 2018
21 | Action Removed: Aug. 15, 2018
22 | Trial Date: Aug. 13, 2019
23
24

25      Defendant Macy's West Stores, Inc., for its Unopposed Motion for a Stay
26 of Civil Proceedings and Memorandum of Points and Authorities in Support,
27 states to the Court as follows.
28

1

Defendant's Unopposed Motion to Stay Civil Proceedings and Memorandum of Law in Support

In their Joint Stipulation filed contemporaneously herewith, Plaintiff and Defendant stipulated:

(i)     that Plaintiff be permitted to file her First Amended Complaint wherein she asserts, on her own behalf, individual claims under the California Labor Code and asserts, both on her own behalf and on behalf of similarly aggrieved employees who work at the Macy's Topanga store, a representative claim under the Private Attorneys General Act ("PAGA");

(ii)    that Plaintiff's individual claims under the Labor Code must be arbitrated under the terms of the parties' arbitration agreement;

(iii)   that Plaintiff's representative claim under PAGA should be stayed pending the completion of the arbitration of Plaintiff's individual claims under the Labor Code; and

(iv)   that Plaintiff and Defendant will proceed, in accordance with the Court's Scheduling and Case Management Order and notwithstanding the pendency of the arbitration, to private mediation on or before June 3, 2019 in an effort to settle both Plaintiff's individual and representative claims.

In furtherance of the Joint Stipulation, Defendant now files its unopposed motion, and memorandum of law in support, requesting the Court to stay this action pending the completion of the arbitration of Plaintiff's individual claims.

In her First Amended Complaint, Plaintiff asserts individual causes of action under the California Labor Code for Defendant's alleged (i) failure to pay

her minimum and overtime wages for all hours worked (Count I), (ii) failure to provide her with meal and rest breaks (Counts II and III), (iii) failure to pay her all wages due at the time of her separation from employment (Count IV), and (iv) failure to provide her with accurate wage statements (Count V). <u>Joint Stipulation, Exhibit A (First Amended Complaint</u>). In a derivative claim based on the same factual allegations, Plaintiff also asserts a PAGA representative cause of action for the recovery of civil penalties (Count VII). *Id.*

Under these circumstances, when a plaintiff must arbitrate his or her individual Labor Code claims, the courts have exercised their discretion to stay the plaintiff's PAGA representative claim pending the completion of the arbitration. Indeed, such a stay furthers judicial efficiency. To prove her PAGA representative claim, Plaintiff must first prove that she is an "aggrieved employee – that is, that she "suffered injury resulting from . . . violations of the Labor Code. Cal. Lab. Code § 2699(c); *Amalgamated Transit Union v. Superior Court*, 46 Cal.4th 993, 1001 (2009). If she cannot prove she is an "aggrieved employee," she will not have standing to pursue her PAGA representative claim. *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 387 (2014) ("a person may not bring a PAGA action unless he or she is an 'aggrieved employee'").

By first arbitrating her individual Labor Code claims, the issue of whether Plaintiff suffered a violation of the Labor Code would be resolved and may determine the viability of her PAGA representative claim. *See*, *e.g.*, *Anderson v. Safe Sts. USA LLC*, Case No. 2-18-cv-00323, 2018 U.S. Dist. LEXIS 147473, *32-33 (E.D. Cal. Aug. 28, 2018) ("where PAGA claims are derivative of substantive claims that must be arbitrated, and thus their resolution depends on the outcome of arbitration proceedings, a court may stay any PAGA claims until arbitration is completed"); *Pinto v. Squaw Valley Resort, LLC*, Case No. 2:17-cv-02281, 2018 U.S. Dist. LEXIS 186687, *24 (E.D. Cal. Oct. 31, 2018)

Defendant's Unopposed Motion to Stay Civil Proceedings and Memorandum of Law in Support

(staying PAGA representative claim, in part, because if "Defendant's policies and practices are found to comply with the law, then the PAGA claim should be dismissed"); *McCormack v. Marriott Resorts, Inc.*, Case No. 3:17-cv-01663, *13-14, 2018 U.S. Dist. LEXIS 151331 (S.D. Cal. Sept. 5, 2018) (staying PAGA representative claim, in part, because "the factual issues that will be resolved in arbitration clearly 'bear upon [the instant] case' because these facts will determine Defendant's liability for Plaintiff's PAGA claim"); *Jenkins v. Sterling Jewelers, Inc.*, Case No. 17-cv-1999, 2018 U.S. Dist. LEXIS 25988, *19-20 (S.D. Cal. Feb. 16, 2018) (staying PAGA representative claim, in part, because "Plaintiff's PAGA claims are derivative in nature of her substantive claims that will proceed to arbitration, and the outcome of the nonarbitrable PAGA claims will depend upon the arbitrator's decision"); *see also Alvarez v. Autozone, Inc.*, Case No. 14-cv-02471, 2015 U.S. Dist. LEXIS 190210, *6-7 (C.D. Cal. July 8, 2015) (staying PAGA representative claim, in part, because "[i]f some of Plaintiff's individual claims were dismissed during arbitration, . . . Plaintiff could not be . . . an 'aggrieved employee' with respect to those claims as required by statute"); *Shepardson v. Adecco USA, Inc. USA, Inc.*, Case No. 15-cv-05102, 2016 U.S. Dist. LEXIS 46754, *19-20 (N.D. Cal. April 5, 2016) (same).

In accordance with the parties' Joint Stipulation and based on the foregoing authorities, Defendant respectfully requests this Court to enter its Order staying the action pending the arbitration of Plaintiff's individual causes of action under the California Labor Code, to vacate all dates set forth in the Court's Scheduling and Case Management Order except for that date requiring the parties to proceed to private mediation on or before June 3, 3019, and to issue such other and further relief as the Court deems appropriate.

1  DATED: January 16, 2019.

2

3

4                          MACY'S LAW DEPARTMENT

5

6

7              By:  /s/Michael C. Christman

8                   Michael C. Christman
                    Attorneys for Defendant Macy's West
9                   Stores, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28