1  Zorik Mooradian, Esq., CSB No. 136636
2  zorik@mooradianlaw.com
3  Haik Hacopian, Esq., CSB No. 282361
   haik@mooradianlaw.com
4  Nanor C. Kamberian, Esq., CSB No. 316612
5  nanor@mooradianlaw.com
   MOORADIAN LAW, APC
6  5023 N. Parkway Calabasas
7  Calabasas, CA 91302
   Telephone: (818) 876-9627
8  Facsimile:  (888) 783-1030

9

10 Attorneys for:      Plaintiff ROSA SALAZAR, individually and on behalf of similarly
                       aggrieved employees
11

12          UNITED STATES DISTRICT COURT
    FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION
13

14 ROSA SALAZAR, individually and on behalf      **Case No.: 2:18-cv-06982-ODW-MAA**
   of other persons similarly situated and
15 similarly aggrieved employees,                 Assigned to: Hon. Otis D. Wright, II
16
17 Plaintiffs,                                    Complaint Filed: May 4, 2018
                                                  Action Removed: Aug. 15, 2018
18 v.
19                                                **COMPLAINT –  INDIVIDUAL
   MACY'S WEST STORES, INC., an active Ohio        AND REPRESENTATIVE ACTION**
20 corporation; and DOES 1 through 10,            **JURY TRIAL DEMANDED**
21
   Defendants.                                    1.  Failure to Pay Wages;
22                                                2.  Failure to Provide Meal Periods;
23                                                3.  Failure to Provide Paid Rest
                                                      Periods;
24                                                4.  Failure to Timely Pay Wages at
25                                                      Termination/Separation;
                                                  5.  Failure to Provide Accurate Wage
26                                                      Statements;
27                                                6.  Violation of Unfair Business
28                                                      Practices Act – Bus. & Prof. Code

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -1-**

EXHIBIT "A"

§§ 17200, *et seq.*; and

7. Penalties Pursuant to Private Attorneys General Act ("PAGA")

Plaintiff ROSA SALAZAR ("Plaintiff"), on behalf of herself and similarly aggrieved employees, based on information and belief, complains and alleges:

## I.

## INTRODUCTION

1. This individual and representative action lawsuit arises out of the failure of Defendant MACY'S WEST STORES, INC. (referred here as "Macy's" or "Defendant") to pay employees minimum wages for all hours worked, to compensate for overtime work, to provide meal periods, to provide rest periods, to provide proper wage statements, and to pay all wages owed to terminated or separated employees in a timely manner. The representative claim asserted under PAGA is limited to the Macy's department store located at Westfield Topanga Plaza, 21900 Vanowen Street, Canoga Park, CA 91303.

2. Defendant employed Plaintiff during the applicable time period, utilizing consistent policies and procedures in violation of Labor Code §1194, et seq., Labor Code §200, et seq., Labor Code §500, et seq., and the applicable Wage Orders issued by the California Industrial Welfare Commission.

3. Defendant engaged in the business of ownership and operation of department and retail stores for merchandise throughout the nation, including the State of California. Plaintiff was hired on or about June 12, 2012, and her employment was terminated on or about May 5, 2017. Plaintiff worked as a non-exempt employee of Macy's and was staffed for work by Macy's at a facility in California, located at Macy's Westfield Topanga Plaza, at 21900 Vanowen Street, Canoga Park, CA 91303. At all times during her employment with Macy's and as applicable here, Ms. Salazar was a non-exempt hourly employee, primarily responsible for pricing/tagging of merchandise, displayed and sold at

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION** -2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the Macy's store. Her job classification also included inventory control and price change team leader.

4. At the time of her termination, Plaintiff was not paid all her wages. Plaintiff was not paid wages for all hours worked including hours considered off-the-clock as applicable. Plaintiff was also not paid for earned/vested vacation benefit compensation.

5. Plaintiff was also deprived of lawful meal and rest periods and failed to receive accurate itemized wage statements.

6. Defendant had a consistent policy of requiring its employees, including Plaintiff, to work through meal periods or work without a meal period for at least five (5) hours of a shift and failing to pay such employee one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided or as required by California state wage and hour laws. Defendants also engaged in the unlawful practice of combining meal breaks with rest breaks.

7. Defendant had a consistent policy of failing to allow its employees, including Plaintiff, rest periods for at least ten (10) minutes per four (4) hours, or a major fraction thereof, and failing to pay such employees one (1) hour of pay at their regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California state and wage and hour laws.

8. Defendant knowingly provided inaccurate wage statements to its employees, including Plaintiff, that did not correctly include the number of hours worked, including overtime hours, or compensation for meal periods not provided and rest period not authorized or permitted as required by California state wage and hour laws.

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -3-**

9.  Defendant had a consistent policy of failing to pay its employees, including Plaintiff, all wages due at the termination or separation, in violation of California state wage and hour laws.

10. Plaintiff, on behalf of herself, brings this action pursuant to Lab. Code §§ 201, 202, 203, 204, 226 (a) (b), 226.7, 510, 512, 1194 and 1194.2, seeking unpaid wages, penalties, equitable relief, and reasonable attorneys' fees and costs.

11. Plaintiff, on behalf of herself, also brings this action pursuant to Bus. & Prof. Code §§ 17200, *et seq.*, seeking injunctive relief, restitution, and disgorgement of all benefits obtained by Defendant as a result of California Labor Code and applicable Wage Order violations.

12. Plaintiff, on behalf of the State of California, himself, and other similarly aggrieved employees, also brings this action pursuant to California Private Attorney General Act ("PAGA"), Cal. Lab. Code §2698, et seq. seeking unpaid wages and other compensation, penalties, and reasonable attorneys' fees and costs.

## II.

## JURISDICTION AND VENUE

13. Venue as to each defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. The County of Los Angeles is the proper venue, because work for Defendant was performed by Plaintiff and other aggrieved employees in the County of Los Angeles and the legal obligations owed by Defendant to Plaintiff and other aggrieved employees were breached in the County of Los Angeles.

14. The California Superior Court has jurisdiction in this matter, because Plaintiff is a resident of California, the Macy's department store where Plaintiff was working is within the County of Los Angeles - Macy's Westfield Topanga Plaza,

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -4-**

1
2
3

21900 Vanowen Street, Canoga Park, CA 91303 - and Macy's is qualified to do business in California and regularly conducts business in California.

4

## III.

5

## THE PARTIES

6
7
8

15. Plaintiff ROSA SALAZAR is a resident of the County of Los Angeles, State of California, and was employed by Defendant in Los Angeles County from on or about June 28, 2012 through on or about May 5, 2017.

9
10
11
12
13
14
15

16. Defendant MACY'S WEST STORES, INC. is, and at all times relevant here was, an Ohio corporation, registered with the State of California Secretary of State. Defendant operates a large chain of department and retail stores, with many locations in the State of California. Defendant also has business operation offices, apart from its department stores, located at 170 O'Farrell Street, San Francisco, CA 9418. Defendant employs numerous non-exempt, hourly paid employees in California such as Plaintiff.

16
17
18
19
20
21
22

17. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the defendants sued herein as Does 1 through 10, but she is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff will amend this First Amended Complaint to allege their true names and capacities when ascertained.

23
24
25
26
27

18. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

28

## IV.

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -5-**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GENERAL ALLEGATIONS

19. At all times relevant here and as set forth in the following paragraphs of this First Amended Complaint, Defendant employed more than 100 people; and Plaintiff and each aggrieved employee was employed by Defendant, and each of them, in the State of California.

20. The employees of Defendant have not been paid wages for all hours worked, including overtime hours worked, have not been provided uninterrupted thirty-minute periods for work periods of at least five (5) hours, and have not been permitted to take ten-minutes (10) rest periods for work periods of four (4) hours or major fractions thereof, pursuant to the Labor Code, and applicable Wage Orders.

21. Defendant failed to pay Plaintiff and other aggrieved employees upon discharge the wages earned and unpaid at the time of discharge.

22. Defendant failed to provide Plaintiff and other aggrieved employees, at the time of each payment of wages, an accurate itemized statement in writing, showing the gross wages earned, the total hours worked, including overtime wages as applicable and any premium wages owed.

## V.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES
### (Labor Code §§ 510, 1194, 1194.2)
### (By Plaintiff against Defendants)

23. Plaintiff incorporates paragraphs 1 through 22 of this First Amended Complaint as if fully alleged herein.

24. At all relevant times, Plaintiff was an employee of Defendant covered by Labor Code §§ 510, 1194, 1194.2 and applicable Wage Orders, and she was entitled to receive minimum and overtime wages for all hours worked, compensation for

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -6-**

accrued or vested vacation upon termination or separation and liquidated damages equal to unlawfully unpaid minimum wages with interest.

25. Defendant has violated California law and the specified provisions of the Labor Code and applicable Wage Orders by its failure to pay all wages due in accordance, including minimum wages, wages for accrued or vested vacation compensation and overtime pay. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VI.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIOD OR
### COMPENSATION IN LIEU THEREOF
### (Labor Code §§ 226.7, 512)
### (By Plaintiff against Defendants)

26. Plaintiff incorporates paragraphs 1 through 22 of this First Amended Complaint as if fully alleged herein.

27. By its failure to provide thirty minute (30) uninterrupted meal period as well as second meal period, if applicable, to Plaintiff, Defendant willfully violated the provisions of Labor Code §§ 226.7, 512 and applicable Wage Orders.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VII.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR
### COMPENSATION IN LIEU THEREOF
### (Labor Code § 226.7)
### (By Plaintiff against Defendants)

29. Plaintiff incorporates paragraphs 1 through 22 of this First Amended Complaint as if fully alleged herein.

30. By their failure to provide ten-minute (10) rest periods for every four (4) hours of work or major fraction thereof per day to Plaintiff, Defendant willfully violated Labor Code § 226.7 and applicable Wage Orders.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## VIII.
### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE AT TERMINATION
**(Labor Code §§ 201, 202, 203)**
**(By Plaintiff against Defendants)**

32. Plaintiff incorporates paragraphs 1 through 22 of this First Amended Complaint as if fully alleged herein.

33. By their failure to timely pay Plaintiff and Waiting Time Subclass, Defendant willfully violated the provisions of Labor Code §§ 201, 202, 203 and applicable Wage Orders. Sec. 203 of Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as penalty, continue to pay the employee's wages until the back wages are paid in full or an action is commenced.

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## IX.

### FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
**(Labor Code §§ 226(a) (b))**
**(By Plaintiff against Defendants)**

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION -8-**

35. Plaintiff incorporates paragraphs 1 through 22 of this First Amended Complaint as if fully alleged herein.

36. By their failure to provide accurate itemized wage statements, semimonthly or at the time of each payment of wages, Defendant willfully violated the provisions of Labor Code §§ 226 (a) (b) and applicable Wage Orders.

37. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as articulated in the Prayer for Relief, set forth below, and fully incorporated here as applicable.

## X.

### SIXTH CAUSE OF ACTION
### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT
### (Bus. & Prof. Code §§ 17200, *et seq.*)
### (By Plaintiff, against Defendants)

38. Plaintiff incorporates paragraphs 1 through 37 of this First Amended Complaint, except for the incorporation paragraphs of 27, 30, 33, 36 and 39, as if fully alleged herein.

39. The alleged unlawful conduct of Defendant constitutes unfair competition pursuant to Business and Professions Code §§ 17200 *et seq,* and this cause of action is brought as a cumulative remedy under Bus. & Prof. Code § 17205 for the time period starting four (4) years before the filing of the Complaint.

40. As a result, Plaintiff has suffered injury in fact and lost money or property. Plaintiff has been deprived of her rights as set forth in this First Amended Complaint, including, but not limited to, payment of minimum, overtime, and/or actual wages for all hours worked.

41. Pursuant to Business and Professions Code §17203, Plaintiff is entitled to restitution of all wages owed to her under the Labor Code, and interest thereon, in which she had a property interest, which Defendant failed to pay to her but withheld and retained for themselves.  Restitution of the money owed to Plaintiff, is necessary to prevent Defendant from becoming unjustly enriched by

1    its failure to comply with the Labor Code provisions.

2    42. Plaintiff is entitled to recover reasonable attorney's fees in connection with her

3        unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the

4        substantial benefit doctrine and/or the common fund doctrine.

5    43. Plaintiff requests the court to issue a preliminary and permanent injunction

6        prohibiting Defendant from committing the Labor Code and applicable Wage

7        Order violations set forth in this First Amended Complaint, and Plaintiff has

8        suffered further damages as articulated in the Prayer for Relief, set forth below,

9        also incorporated here fully as applicable.

## XI.
## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT
## (LABOR CODE § 2699 *et seq.*)
## (By Plaintiff and Aggrieved Employees Against Each Defendant)

44. Plaintiff incorporates paragraphs 1 through 43 of this First Amended Complaint
    as if fully alleged herein.

45. Under the Private Attorney General Act, Labor Code §§ 2698-99 ("PAGA"),
    private parties may recover civil penalties for violations of the California Labor
    Code.  PAGA penalties are in addition to any other relief available under the
    Labor Code.

46. As set forth above, Defendants violated the California Labor Code by
    consistently failing to employ Plaintiff and other similarly situated employees
    in compliance with California law.

47. Plaintiff provided written notice by certified mail to Defendants as to
    employees of Defendants who worked at the Macy's department store located
    at 21900 Vanowen Street, Canoga Park, CA 91303, and Email Notice to the State
    Labor & Workforce Development Agency ("LWDA") of the legal claims and
    theories of this case on May 3, 2018 and amended the notice thereafter. To date,

**FIRST AMENDED COMPLAINT** - CLASS AND REPRESENTATIVE ACTION -10-

and after 65 days from the date of mailing of notice, the LWDA has not notified Plaintiff that the LWDA intends to exercise jurisdiction over the claim for civil penalties under the PAGA.  Accordingly, Plaintiff exhausted administrative remedies as required by Labor Code § 2699.3.

48. Under the PAGA, Plaintiff and all other aggrieved employees are entitled to recover the maximum civil penalties permitted by law from Defendant for the violations of Labor Code alleged in this First Amended Complaint.

49. Plaintiff and all other aggrieved employees are also entitled to recover their attorneys' fees and costs under Labor Code § 2699.

## XII.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief and judgment against Defendant as follows:

A.      Damages for unpaid minimum and overtime wages under Labor Code § 1194;

B.      Liquidated damages under Labor Code § 1194.2;

C.      Disgorgement of Defendant's wrongfully obtained profits and restitution of unpaid wages under Business and Professions Code §§ 17203, 17204;

D.      Damages for unpaid additional compensation owed for missed or failing to provide timely or uninterrupted or lawful meal periods and rest periods;

E.      Civil penalties under Labor Code § 226(e);

F.      Damages for unpaid wages under Labor Code §§ 201 or 202;

G.      Damages for unpaid penalty wages under Labor Code § 203;

H.      Reasonable attorney's fees pursuant to statute, including, but not limited to, Labor Code § 1194 and Code of Civ. Proc. § 1021.5;

I.      Enjoinment of Defendant from further acts of unfair competition and continuous violations of the Labor Code and applicable Wage Orders;

**FIRST AMENDED COMPLAINT** - **CLASS AND REPRESENTATIVE ACTION** -11-

J.      Civil penalties under Labor Code Section 2699 (75% payable to the LWDA and 25% payable to aggrieved employees); and

K.      Such other relief, including prejudgment interest and costs.

DATED:  Jan. 15, 2019      **MOORADIAN LAW, APC**

By:  <u>*/s/Haik Hacopian*</u>

     **Zorik Mooradian**,
     **Haik Hacopian**,
     **Nanor C. Kamberian,**
     Attorneys for Plaintiff and aggrieved employees

## **DEMAND FOR A JURY TRIAL**

Plaintiff ROSA SALAZAR hereby demands a jury trial in the above case.

DATED:  Jan. 15, 2019      **MOORADIAN LAW, APC**

By:  <u>*/s/Haik Hacopian*</u>

     **Zorik Mooradian**,
     **Haik Hacopian,**
     **Nanor C. Kamberian,**
     Attorneys for Plaintiff and aggrieved employees

**FIRST AMENDED COMPLAINT - CLASS AND REPRESENTATIVE ACTION** -12-